Matthew A. Paré, Esq., California State Bar No.: 258434
**LAW OFFICE OF MATTHEW PARE, APC**
823 Anchorage Place, Suite 101
Chula Vista, CA 91914
Phone: (619) 869-4999
Fax: (619) 754-4581
e-mail: mattparelawca@gmail.com

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Eric Christopher Johnson, individually and d/b/a Legends; David Allan Copley, individually and d/b/a Legends; Shore Restaurant Group, LLC, Fanore LLLP, and Twin Harbors LLP an unknown business entity d/b/a Legends,<br><br>　　　　Defendants. | Case No.: 2:20-cv-11006-WDK-JC<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS; DECLARATIONS OF ERIC CHRISTOPHER JOHNSON, DAVID ALLAN COPLEY, AND ATTORNEY MATTHEW A. PARE, FILED CONCURRENTLY; STATEMENT OF UNDISPUTED FACTS**<br><br>*[Pursuant to Federal Rules of Civil Procedure, Rule 56]*<br><br>Hearing Date: Monday, April 4, 2022<br>Time: 10:00 a.m.<br>Courtroom: 5C |

TO THE HONORABLE COURT, PLAINTIFF G & G CLOSED CIRCUIT EVENTS, LLC, AND ITS ATTORNEY OF RECORD:

　　PLEASE TAKE NOTICE that on Monday, April 4, 2022, or as soon as this matter may be heard by the above-entitled United States District Court, defendants Eric Christopher Johnson, David Allan Copley, Shore Restaurant Group, LLC, Fanore LLP, and Twin Harbors LLP d/b/a Legends will present their motion for summary judgment in their favor as to the plaintiff's complaint.

///

1    This motion is being made pursuant to Federal Rules of Civil Procedure, Rule 56. This
2 motion is brought on the grounds that there is no legal basis for the plaintiff to recover on the
3 claims for damages sought. The motion is based on this Notice of Motion and Motion, the
4 Memorandum of Points and Authorities filed herewith, the legal authorities and cases submitted,
5 the declarations of Eric Christopher Johnson, David Allan Copley, and attorney Matthew A. Pare,
6 with exhibits, the statement of undisputed facts, and upon such other matters as may be presented
7 to the Court at the time of the hearing.
8    This motion is made following the conference of counsel pursuant to L.R.
9 7-3 which took place on May 20, 2021.

10 DATED: March 1, 2022                LAW OFFICE OF MATTHEW PARE, APC

11
12                                    By:    /s/ Matthew A. Paré
                                      _____
13                                    Matthew A. Paré, Esquire
                                      Counsel for Defendants

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

This case stems from the exhibition of a television programs, specifically Andy Ruiz, Jr. v. Anthony Joshua II Championship Fight Program, on December 7, 2019, at a local establishment named Legends. The plaintiff in this action, G & G Closed Circuit Events, LLC alleges that it has the exclusive closed circuit commercial distribution rights to the subject television program, and defendants did not pay G & G Closed Circuit Events, LLC for the rights to show the subject television program but nevertheless exhibited it in the place of business.

The basic facts from the perspective of defendants are as follows: Legends is a local restaurant and bar located at 5236 East 2nd Street, Long Beach, CA 90803. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶2.) The establishment has been there for many decades and has a great reputation in the community. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶2.) On December 7, 2019, the subject TV program, namely Andy Ruiz, Jr. v. Anthony Joshua II Championship Fight Program, was displayed on a couple of the TVs in the bar. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶2.) At the time of the event most of the TVs in the location had other programming being displayed, and there was no cover charge for admission into the premises at the time either. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶2.) The named individual defendants Eric Christopher Johnson and David Allan Copley did not authorize any advertisement that the event would be shown at Legends. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶2.)

The circumstances behind the exhibition of this subject TV program at Legends are as follows: The subject TV program was displayed on TV at Legends and viewed using a subscription to the internet streaming application called DAZN. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶3.) That application is a subscription-based internet streaming provider of this type of sports programming. (Declarations of Eric Christopher Johnson

and David Allan Copley at ¶3.) No cable television signal was used to view the subject TV program, and no satellite signal was used to view the subject TV programs either. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶3.)

There was no money received by Legends as a result of the subject fight program being viewed there. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶4.) The named individual defendants Eric Christopher Johnson and David Allan Copley did not realize there was anything improper with using DAZN to show this TV programming at Legends. (Declarations of Eric Christopher Johnson and David Allan Copley at ¶4.)

For the reasons set forth below defendant is entitled to summary judgment in his favor.

## II.

## **THE STANDARD ON A MOTION FOR SUMMARY JUDGMENT**

Federal Rules of Civil Procedure, Rule 56 provides in pertinent part as follows:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

## III.

## **ARGUMENT**

**A.  Defendants Are Entitled to Summary Judgment in Their Favor Because 47 U.S.C. section 605 and 47 U.S.C. section 553 Do Not Apply to Signals Received Over the Internet**

There is a wealth of authority that indicates that 47 U.S.C. section 605 applies to satellite signals and 47 U.S.C. section 553 applies to cable signals. There are literally hundreds of cases that state that rule of law; just as a few, see e.g., *J & J Sports Productions, Inc. v. Man Thi Doan* (N.D. Cal. 2008) WL 4911223; *J & J Sports Productions, Inc. v. Steve Sang Ro* (2010) U.S. Dist. LEXIS 21425, citing *J & J Sports Productions, Inc. v. Manzano* (2008) U.S. Dist. LEXIS 84931, which states that "a signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of

interception." If a signal is received via the internet (which is neither a satellite TV transmission or a cable TV transmission), it falls outside the coverage of the alleged TV signal piracy statutes. *Joe Hand Promotions, Inc. vs. Michael Cusi*, *et al.* 2014 U.S. Dist. LEXIS 66474 at 6-7. That case addressed that issue head-on and the court granted summary judgment in favor of the defendants for exactly this reason. The court noted that the discovery phase of the case was complete and plaintiff could not produce any evidence to support its claims under 47 USC section 605 or 47 USC section 552. *Id*. Furthermore, the court went on to state that it had "no confidence" in the assumption that the type of internet service could result in liability under sections 605 and 553, and it was "skeptical that feeds received over the internet from a third party violate sections 553 or 605." *Id*. at FN4. See also, *Joe Hand Promotions, Inc. vs. Shelley L. Spain,* et al., Case No. 2:15-cv-00152-SMM, Document 39 filed on 8/5/2016. The case of *Zuffa, LLC v. Justin.tv, Inc*., 838 F.Supp.2d 1102 (D. Nev. 2012) also stands for the proposition that claims for TV signal piracy under 47 U.S.C. section 605 and 47 U.S.C. section 553 do not include circumstances where the defendant acquired the signal via the internet, as does *Ark Promotions, Inc. v. Justin.tv, Inc.*, 904 F.Supp.2d 541, 549 (cited by the court in the *Cusi* case in FN4). This issue was also mentioned in the summary judgment decision in the case of *Joe Hand Promotions, Inc. vs. Jacob Evans Albright d/b/a Miners Ranch Saloon*, 2013 U.S. Dist. LEXIS 79268 (June 4, 2013 decided in the Eastern Dist. of CA) where the court stated that evidence that the program was received over the internet would be a defense. *Id*. at *15.

  To further bolster this notion that neither 47 U.S.C. section 605 nor 47 U.S.C. section 553 apply to a signal received through the internet §605 was drafted in 1934, and §553 was drafted in 1984, at a time when this technology did not even exist. It is inconceivable that the statutory intent would be to cover signals on the internet.

  The United States District Court for the Central District of California has addressed this issue of whether the TV signal piracy statues apply to internet signals many times and that Court has consistently concluded that the statues do not apply. For example, see the case of *G & G Closed Circuit Events, LLC vs. Catherine Samusick*, Case No. 2:18-cv-01796-WDK-JC,

Document 29, Filed 5/4/2020, granting defendants' motion for summary judgment for this same reason. Yet another similar case in which this exact Court granted summary judgment for this same exact reason is the case of *J & J Sports Productions, Inc. vs. Jade Thompson*, Case No. 5:16-cv-01939-WDK-PLA, Document 59, Filed 9/20/2019. Additional such cases include *G & G Closed Circuit Events, LLC vs. Michael Espinoza, et al.*, Case No. 2:18-cv-07894-WDK-JC, Document 47, October 5, 2020 in the U.S. Dist. Court for the Central Dist. of CA; and *G & G Closed Circuit Events, LLC vs. Esmeragdo Gomez Rojas, et al.*, Case No. 5:18-cv-00438-WDK-JC, Document 65, October 5, 2020 in the U.S. Dist. Court for the Central Dist. of CA. Even more recently, the case of *G & G Closed Circuit Events, LLC vs. Daniel Joel Snukal, et al.*, Case No. 2:19-cv-07854-WDK-JC, Document 40, 4/15/2021, in the U.S. Dist. Court for the Central Dist. of CA again resulted in a motion for summary judgment in favor of defendants for this same reason.

In this present case, as the declarations of Eric Christopher Johnson and David Allan Copley at ¶3 confirm, the signal for the fight program in question was received over the internet. Quite simply, there was no cable or satellite signal that was intercepted, received, or exhibited. As such, there is no case for TV signal piracy, and therefore defendants must be granted summary judgment in their favor.

**B.     The Court Should At Least Grant Partial Summary Judgment in Favor of Defendants as to Plaintiff's Claims for Enhanced Statutory Damages**

The statutes that the plaintiff G & G Closed Circuit Events, LLC is using to sue defendants under in this case are 47 U.S.C. section 605 and 47 U.S.C. section 553, the federal TV signal piracy statutes. The relevant part of 47 U.S.C. section 605 regarding enhanced statutory damages that the plaintiff can recover is as follows:

> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
> 47 U.S.C. section 605(e)(3)(C).

In other words, under this statutory scheme there is a normal range of statutory damages from $1,000.00 to $10,000.00, and under extraordinary circumstances in both directions the statutory damages can be reduced to $250.00, or increased over $10,000.00 up to $100,000.00. The statutory damages above $10,000.00 is the "enhanced statutory damages."

The relevant part of the statute 47 U.S.C. section 553 is extremely similar. Under this statutory scheme (very similar to the other statute) there is a normal range of statutory damages from $250.00 to $10,000.00, and under extraordinary circumstances in both directions the statutory damages can be reduced to $100.00, or increased over $10,000.00 up to $50,000.00. The statutory damages above $10,000.00 is the "enhanced statutory damages." Although the amounts under 47 U.S.C. section 553 are different than 47 U.S.C. section 605, in concept it is the same logic that under extraordinary circumstances the plaintiff could recover enhanced statutory damages over $10,000.00.

In this case the Court should grant partial summary judgment as to plaintiff's claims for enhanced statutory damages. In this case, there is simply no evidence that defendants committed a "willful" violation of either of these statutes for the purpose of commercial advantage or private financial gain, and thus plaintiff G & G Closed Circuit Events, LLC is not entitled to recover those enhanced statutory damages.

The term "willfully" indicates a certain mindset or *mens rea*. In other words, it must have been done intentionally or on purpose in order to justify an award of enhanced statutory damages. In the present case, as the evidence reveals, there is simply no supporting evidence of any kind to indicate that defendants committed a "willful" violation in this case to justify an award of enhanced statutory damages.

Case law has also instructed that willfulness is defined as "disregard for the governing statute and an indifference for its requirements." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126–27 (1985). In the context of TV signal piracy cases, in order to arrive at an enhanced damage figure, courts have considered factors such as: (1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether

defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event. *Joe Hand Promotions, Inc. v. Kaczmar*, 2008 WL 4776365, *2 (N.D.Ill. Oct.29, 2008). The court in *Integrated Sports Media, Inc. v. El Guadalajara, Inc.*, 2011 WL 4434165, at *2 (E.D.N.Y. Aug. 30, 2011) described these factors as (i) repeated violations; (ii) significant actual damages suffered by plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising for the event; and (v) defendant's collection of a cover charge or premiums for food and drinks, citing *J & J Sports Productions, Inc. vs. Hot Shots*, 2010 WL 3522809, at *2; see also *J & J Sports Productions, Inc. vs. Welch*, 2010 WL 4683744, at *4.

In the case of *Joe Hand Promotions, Inc. v. Santana*, et al., Case No. 3:12-cv-04361-WHO (Document 48, Filed 8/1/13, pages 8-10, in the Northern District of California) the defendants were granted summary judgment in their favor regarding the plaintiff's claims for enhanced statutory damages and punitive damages. As the court described, there was no evidence of willfulness. Also in the case of *Joe Hand Promotions, Inc. v. Albright*, Case No. 2:11-cv-02260-WBS-CMK (Document 31, Filed 6/5/13, pages 14-18, in the Central District of California) the defendant was granted summary judgment in his favor regarding the plaintiff's claims for enhanced statutory damages and punitive damages.

Here, there is no evidence establishing willfulness on the part of defendants to justify an award of enhanced statutory damages. In fact, the declarations of defendants Eric Christopher Johnson and David Allan Copley indicate that they did not realize that there was anything illegal, wrong, or in any way improper for Legends to receive the internet signal for this fight program through DAZN to view at the restaurant. The statute makes clear that only certain cases of TV signal piracy justify an award of enhanced statutory damages. In order to give meaning to the statutory language itself there cannot be enhanced damages in a case like this where there are no aggravating circumstances and there may have been an unknowing violation. It is anticipated that the plaintiff will suggest that signals do not descramble spontaneously, but that type of approach for determining if there is a willful violation is contrary to the statutory language itself because that approach would mean every case of alleged TV signal piracy is willful and clearly the statute

contemplates that only the more severe cases are willful to justify the enhanced statutory damages. Therefore, this Court should at least grant partial summary judgment in defendant's favor as to plaintiff's claims for enhanced statutory damages.

### C. Summary Judgment is Proper Because There are No Disputed Facts

One way or another summary judgment is appropriate. Naturally, given defendants' motion, defendants believe that summary judgment should be entered in their favor. However, in the alternative, if summary judgment is not granted in favor of defendants it should be granted in favor of the plaintiff instead of sending this matter to trial. Summary judgment should still be entered because there are no real disputed issues of material fact that would necessitate a trial where a factfinder needs to evaluate the evidence. In other words, what we have in this case ultimately is an agreement on the basic essential facts of the case but a disagreement on the law and how to apply the law to these facts and as such that is a legal issue that this Court must resolve by way of summary judgment.

### D. If the Court is Inclined to Grant Summary Judgment in Favor of the Plaintiff Very Minimal Damages Are Appropriate in this Case

In the event that this Court is inclined to grant summary judgment in favor of plaintiff, for the reasons articulated herein below very minimal damages are appropriate.

There are many TV signal piracy cases in the federal court system that have awarded nominal damages, even in the context of a default judgment sometimes. For example, the following TV signal piracy cases resulted in statutory damages of only $250.00: *J & J Sports Productions, Inc. v. Felipe Cruz Manzano*, U.S. Dist. LEXIS 84931 (N.D. Cal. 2008); *J & J Sports Productions, Inc. v. Steve Sang Ro*, U.S. Dist. LEXIS 21425 (N.D. Cal. 2010), *J & J Sports Productions, Inc. v. Aviles*, 2011 WL 1884617 *3 (N.D. Cal. May 18, 2011). Here are three examples of judgments only slightly higher from the Central District of California: Case No. CV 09-05411 WDK (FMOx) *J & J Sports Productions, Inc. v. Joel Ramirez* – Judgment for $1,600.00 in total damages; Case No. CV 09-5408 WDK (FMOx) *J & J Sports Productions, Inc. v. Graciela V. Garcia, et al*. – Judgment for $1,800.00 in total damages; Case No. CV 09-04756

WDK (Ex) – *Joe Hand Promotions, Inc. v. Cressler and Sanders Entertainment Group, LLC* – Judgment for $875.00 in total damages. There is nothing about this present case that is significantly different than any of those cases and therefore a relatively minimal award of damages is appropriate, if anything. It would be a severe miscarriage of justice for one person to essentially receive a fine of a few hundred dollars and someone else who did essentially the same exact thing has a judgment against them for tens of thousands of dollars. There must be some consistency.

Under the applicable law, the damages can be enhanced in a signal piracy case if the violation was committed willfully and for the purpose of commercial advantage or private financial gain. However, "the mere assertion that defendants acted willfully is insufficient to justify enhanced damages." *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1198 (N.D. Cal. 2000). The following explanation is instructive:

> To establish significant commercial advantage or private financial gain, a plaintiff must allege something more than the mere airing of a pirated program, such as engaging in promotional advertising, imposing a cover charge, or charging a premium for food or drinks. The size of the audience, the establishment, or both is also relevant to the measure of enhanced damages, as is whether the customers are present primarily to watch the broadcast or have come for another purpose while the program is being aired. *Integrated Sports Media, Inc. v. Naranjo*, 2010 U.S. Dist. LEXIS 81264, at *10-11 (E.D. Cal. Aug. 11, 2010) (internal quotation marks and citation omitted), citing *Backman*, 102 F.Supp.2d at 1198.

Many courts consider the number and size of televisions upon which the pirated program was broadcast. *Id.* Additionally, the pirating history of the defendant is a factor, and damages may be enhanced for repeated offenses. See e.g., *Joe Hand Promotions v. Gamino*, 2011 U.S. Dist. LEXIS 1960, at *9 (E.D. Cal. Jan. 10, 2011); *J & & Sports Productions, Inc. v. Ferreyra*, 2010 U.S. Dist. LEXIS, at *11-12 (E.D. Cal. Mar 9, 2010); *Saddeldin*, 2010 U.S. Dist. LEXIS 77585, at *8.

Recently many courts have found that an award of the statutory minimum is appropriate where the defendant is not a repeat offender. See e.g., *Joe Hand Promotions v. Brown*, 2010 U.S. Dist LEXIS 119435 (E.D. Cal. Oct. 27, 2010) (awarding $1,000.00 in statutory damages and $3,000.00 in enhanced damages where there were 13-17 patrons present, the program was

broadcast on six 60-inch televisions, and there was no premium for food or drink); *Naranjo*, 2010 U.S. Dist. LEXIS 81264 (awarding $1,000.00 in statutory damages without enhanced damages where the capacity of the restaurant was forty, the number present ranged from 12 to 20, no admission fee was charged, and the program was displayed on a single television.)

As a general rule, allegations regarding the amount of damages must be proven. *Pope*, 323 U.S. at 22; *Geddes*, 559 F.2d at 560. In the context of this type of case, courts often require evidence of commercial advantage resulting from the piracy. Absent evidence of commercial advantage or financial gain, the district courts have awarded the statutory minimum where the defendants were not repeat offenders. See e.g., *Backman*, 102 F.Supp.2d at 1198-99 ("An establishment that does not promote itself by advertising the program, does not assess a cover charge, and does not charge a special premium for food and drinks hardly seems like the willful perpetrators envisioned by the statute's framers.") *Brown*, 2010 U.S. Dist. LEXIX 119435; *Naranjo*, 2010 U.S. Dist. LEXIS 81264; *Garden City Boxing Club, Inc. v. Nguyen*, 2005 U.S. Dist LEXIS 29886, at *12 (E.D. Cal. Nov. 28, 2005) (awarding the statutory minimum and finding "no evidence of significant commercial advantage or private financial gain" where the defendant did not advertise or charge admission, and ten customers were present); *J & J Sports Productions v. Miranda*, 2009 U.S. Dist. LEXIS 112415, at *3-4 (N.D. Cal. Nov. 16, 2009) (awarding $1,000.00 in statutory damages for where the court found "no evidence that the violation occurred multiple times, that the establishment intended to directly profit from the violation, or that it actually profited from the violation."); *J & J Sports Productions v. Hernandezsilva*, 2010 U.S. Dist. LEXIS 96891 (S.D. Cal. Sept. 15, 2010) (awarding $1,000.00 because "Plaintiff does not allege repeated violations, does not claim that defendants advertised the event, and offers only conclusory statements in support of its contentions that defendants realized financial gain from showing the program.")

Generally, when determining the total damages to be awarded for signal piracy, "the principle of proportionality governs." *Backman*, 102 F.Supp.2d at 1198. Under this principle, "distributors should not be overcompensated and statutory awards should be proportional to the

violation." *Id*. As observed in *Streshly*, defendants "may be the Blackbeard of pirates, but plaintiff makes no attempt to portray them as such, and to the contrary, the act of piracy attributed to defendants is as routine as they come…" *Streshly*, 655 F.Supp.2d at 1139 (S.D. Cal. 2009). In that case the court noted that plaintiff's request for damages was "ostensibly disproportionate." *Id*.

One way that courts have calculated damages in TV signal piracy cases is the "per person" valuation method and capped at approximately $50.00 per person or a similarly modest sum. *J & J Productions, Inc. v. Guzman* (E.D.N.Y. 2008) 553 F.Supp.2d 195, 198-199. In numerous default judgment actions involving violations of 47 U.S.C. § 605, courts have awarded damages of approximately $55 per patron. See, e.g., *J & J Sports Productions, Inc. v. Aguilera*, No. 09–cv–4719, 2010 WL 2362189, at *2 (N.D. Ill. June 11, 2010); *J & J Sports Production, Inc. v. Ramirez*, No. 08 C 3354, Minute Order at 1–2 (N.D.Ill. Sept. 18, 2008); *Joe Hand Promotions, Inc. v. SCK Management Servs., LLC*, No. 12–cv–590 (W.D.Wis. Jan. 9, 2013); *Joe Hand Promotions, Inc. v. Dewey's Roadhouse*, LLC, No. 11–cv–486–wmc (W.D.Wis. Mar. 21, 2012); *J & J Sports Prod., Inc. v. Montero*, No. 10–cv–757–wmc (W.D.Wis. Mar. 16, 2011); *J & J Sports Prod., Inc. v. Sunsets On Sand, LLP*, No. 10–cv–12–wmc (W.D.Wis. July 7, 2010); *Joe Hand Promotions, Inc. v. L. A. Moon LLC*, 2013 WL 633572 (W.D. Wis. Feb. 20, 2013).

Recently the U.S. District Court for the Central District of California has awarded damages in TV signal piracy claims (even in a default judgment context) equal to the license fee that should have been paid, such as $600.00 in the case of *G & G Closed Circuit Events, LLC vs. Buzo*, Case No. 2:13-cv-07681-WDK-JC, Doc. 38, Filed 9/15/14. Also, that same court has determined that an appropriate amount for punitive damages if warranted by the facts is at most three times the actual damages, similar to other federal laws giving treble damages, such as 15 USC 15 for antitrust, 18 USC 1964(c) for racketeer influence and corrupt organizations act, 18 USC 2318 for trafficking counterfeit labels, and 35 USC 284 for patent infringement. See, *J & J Sports Productions, Inc. vs. Modica*, Case No. 2:13-cv-03710-WDK-PLA, Document 29, Filed 10/3/2014.

/ / /

Much like all of these cases cited above, a relatively modest damage award would be appropriate in this case if summary judgment is not granted in favor of defendants.

**E.  Defendants Are Entitled to Summary Judgment in Their Favor Regarding the Conversion Claim of Plaintiff Because it is Dependent Upon the Other Federal Claims which Fail and is Duplicative, and the Court Should Not Exercise Supplemental Jurisdiction Over the State Law Claims**

The analysis above focuses on the elements necessary to establish a case for statutory TV signal piracy claims under 47 U.S.C. section 605 and 47 U.S.C. section 553. Defendants are also entitled to summary judgment in their favor regarding plaintiff's claim for conversion too. Plaintiff's claim for conversion (count 3) against defendants herein is predicated upon the alleged violations of 47 U.S.C. section 605 and 47 U.S.C. section 553, in that plaintiff contends defendants' alleged statutory violations constituted a disposition of the subject program in a manner inconsistent with plaintiff's rights in the program. Inasmuch as defendants are successful in their request for summary judgment in their favor regarding the alleged violations of 47 U.S.C. section 605 and 47 U.S.C. section 553, therefore, defendants are also entitled to a judgment in their favor regarding plaintiff's claim for conversion. See *J & J Sports Productions, Inc. v. Flores*, 2012 WL 6608915 (E.D. Cal., December 18, 2012, at *11) (granting summary judgment as to plaintiff's conversion claim following defendants' successful summary judgment as to the plaintiff's claims for statutory signal piracy); See also, *Joe Hand Promotions, Inc. v. Alvarado*, 2011 WL 1740536 at *8 (E.D.Cal., May 4, 2011) (also granting summary judgment in favor of defendants as to plaintiff's same state law claims and noting that in the absence of the statutory signal piracy claims there was no such claims).

Additionally, it is well established that in a television signal piracy case the plaintiff cannot recover duplicative recovery for both conversion and violation of the federal TV signal piracy statutes, it must be one or the other. There is ample authority for that rule of law. See e.g., *J & J Sports Productions, Inc. v. Ferreyra* (2008) WL 4104315 at 1 ("Inasmuch as plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages for conversion

should be denied.)  See also, *Garden City Boxing Club, Inc. v. Frezza* (2007) 476 F. Supp.2d 135, 140 (denying recovery for conversion on top of 47 U.S.C. §605 because it would be duplicative); *J & J Sports Prods. v. Hernandez* (2010) U.S. Dist. LEXIS 48191 (stating that "an award for conversion damages would be duplicative"); *Joe Hand Promotions, Inc. v. Dock Street Enters. Inc.*, No. 11-1973, 2011 WL 6141058, at *5 n. 5 (D.Md., Dec. 8, 2011.);  *J & J Sports Prod., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, No. 9-3141, 2010 WL 1838432, at *2 (D.S.C. April 5, 2010); *J & J Sports Productions, Inc. vs. Romenski*, 845 F.Supp.2d 703 (2012).  These cases are only some of the many more that could be cited for this particular rule of law.  While there are also examples of default judgments granting such duplicative recovery under conversion and statutory signal piracy claims, but those matters are distinguishable because they are default judgments and this particular issue is not addressed specifically in such cases – the courts sometimes merely award what the plaintiff is requesting in such circumstances.

In addition to the numerous examples of case law indicating that plaintiff cannot recover for both conversation and statutory signal piracy, this idea is also supported by the statutory language of 47 U.S.C. section 605 and 47 USC section 553 itself.  In particular, the statute under 47 U.S.C. section 605(e)(C)(i) indicates that "Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses. . ." (emphasis added) and then goes on to describe either "actual damages" or "statutory damages."  47 USC section (c)(3)(a) provides the same exact thing.  To allow the plaintiff to recover for conversion damages on top of the statutory damages would effectively be disregarding the notion of plaintiff making an election and allowing for duplicative recovery.

Finally, even if this Court were to not grant summary judgment in defendants' favor as to the state law claim for conversion the Court should not continue to exercise jurisdiction over this case.  The plaintiff's complaint invokes the Court's supplemental subject matter jurisdiction under 28 U.S.C. section 1367 regarding the state law claims for conversion.  If the Court grants summary judgment in favor of defendants regarding the federal counts (claims for violation of 47 U.S.C. section 605 and 47 U.S.C. section 553) but not regarding the one other state law claim

(although it should for the reasons provided herein above), the Court should not continue to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. section 1367(c)(1)-(4). When the federal claims have been dismissed from a lawsuit, the balance of factors weigh in favor of declining supplemental jurisdiction over the remaining state law claims. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 at 726 (1966). Other TV signal piracy cases have also resulted in complete dismissals when there are remaining state law claims in the federal court. See, e.g., *J & J Sports Productions, Inc. vs. Skinner, et al.*, Case No. 2:13-cv-00877-LKK-CKD, Document 45, Filed 5/28/14 in the Eastern District of California (dismissing the third-party complaint completely); see also, *Joe Hand Promotions, Inc. vs. Cusi, et al.*, Case No. 3:13-cv-00935-MMA-BLM, Document 48, Filed 5/14/14 in the Southern District of California (dismissing the plaintiff's complaint completely). Therefore, this Court should dismiss the plaintiff's complaint completely.

### F. Defendants Are Entitled to Summary Adjudication In Their Favor as to Plaintiff's Claim for Violation of California Business & Professions Code §17200 and Plaintiff's Requests for Restitution Damages and Attorney's Fees Related Thereto

Pursuant to Section 17203, the only available remedy (other than an injunction) for a Section 17200, et seq. claim is to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." In other words, under section 17200 a plaintiff may recover only restitution. See *Bronco Wine Company v. Frank A. Logoluso Farms* (1989) 214 Cal.App.3d 699 (as cited in *Kingvision Pay-Per-View, Ltd. v. Rivers* 2000 U.S. Dist. LEXIS 4338, p. 11.) Here, plaintiff has no evidence of any money whatsoever that was acquired by defendants by unfair competition (nor any money received whatsoever specifically related to the alleged exhibition of this subject TV program), so there can be no recovery by the plaintiff under that count. As such, moving defendants are entitled to summary adjudication in their favor on this claim, or at least specifically the request for restitution made pursuant to this claim.

Also in conjunction with plaintiff's Section 17200 claim was a request for attorney's fees pursuant to California Code of Civil Procedure §1021.5. However, it is clear that plaintiff does not meet the requirements under that section to warrant an award of attorney's fees. In order to justify an award of attorney's fees under that section, among other things there must be enforcement of an important right affecting the public interest if and a significant benefit, whether pecuniary or nonpecuniary, that has been conferred on the general public or a large class of persons. Here, it is obvious that the statutory requirements to justify an award of attorney's fees under that section are not met by any stretch of the imagination given that at best the plaintiff is merely trying to protect its own financial interests. As such, moving defendants are also entitled to summary adjudication specifically as to plaintiff's claim for the recovery of attorney's fees pursuant to California Code of Civil Procedure §1021.5.

Therefore, this Court should grant partial summary judgment in defendants' favor as to plaintiff's claim for violation of California Business & Professions Code section 17200, and plaintiff's claim for attorney's fees related thereto.

## IV.
## **CONCLUSION**

For the reasons discussed above, this Court should grant summary judgment in favor of defendants.

Respectfully submitted.

DATED: March 1, 2022           LAW OFFICE OF MATTHEW PARE, APC

By:    /s/ Matthew A. Paré
_____
Matthew A. Paré, Esquire
Attorney for Defendants

Matthew A. Paré, Esq., California State Bar No.: 258434
**LAW OFFICE OF MATTHEW PARE, APC**
823 Anchorage Place, Suite 101
Chula Vista, CA 91914
Phone: (619) 869-4999
Fax: (619) 754-4581
e-mail: mattparelawca@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following:

Thomas P. Riley, Esq., State Bar No.: 194706
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
Phone: (626) 799-9797
Fax: (626) 799-9795
e-mail: TPRLAW@att.net

Matthew A. Paré, Esq., California State Bar No.: 258434
**LAW OFFICE OF MATTHEW PARE, APC**
823 Anchorage Place, Suite 101
Chula Vista, CA 91914
Phone: (619) 869-4999
Fax: (619) 754-4581
e-mail: mattparelawca@gmail.com

By:   /s/ Matthew A. Paré
      _____
      Matthew A. Paré, Esquire